SLIP OPINION



Cite as 2014 Ark. App. 284

# ARKANSAS COURT OF APPEALS

DIVISION IV
No. CV-13-1125

| | |
|---|---|
| CLARISSA GRIFE<br><div align="right">APPELLANT</div> | **Opinion Delivered** May 7, 2014 |
| V. | APPEAL FROM THE CRAWFORD COUNTY CIRCUIT COURT [NO. JV-12-168] |
| ARKANSAS DEPARTMENT OF HUMAN SERVICES and MINOR CHILD<br><div align="right">APPELLEES</div> | HONORABLE MICHAEL J. MEDLOCK, JUDGE<br><br>AFFIRMED; MOTION TO WITHDRAW GRANTED |

**ROBIN F. WYNNE, Judge**

Clarissa Grife appeals from the Crawford County Circuit Court's order terminating her parental rights to her child, S.M.[1] Her attorney has filed a motion to withdraw as counsel that is accompanied by a brief filed pursuant to Arkansas Supreme Court Rule 6-9 and *Linker-Flores v. Arkansas Department of Human Services*, 359 Ark. 131, 194 S.W.3d 739 (2004). We affirm the termination order and grant the motion to withdraw.

In dependency-neglect cases, if, after studying the record and researching the law, appellant's counsel determines that the appellant has no meritorious basis for appeal, then counsel may file a no-merit petition and move to withdraw. Ark. Sup. Ct. R. 6-9(i)(1) (2013). The petition must include an argument section listing all adverse rulings to the appellant made by the circuit court on all objections, motions, and requests made by the party

---

[1]The parental rights of the child's father were also terminated. He is not a party to this appeal.

at the hearing from which the appeal arose and explaining why each adverse ruling is not a meritorious ground for reversal. Ark. Sup. Ct. R. 6–9(i)(1)(A). The petition must also include an abstract and addendum containing all rulings adverse to the appellant made at the hearing from which the order on appeal arose. Ark. Sup. Ct. R. 6–9(i)(1)(B). Appellant filed pro se points for reversal.

After careful review of the brief and the record, we agree with counsel that there would be no merit to an appeal from the termination order. The only ruling at the hearing adverse to appellant was the circuit court's decision to terminate her parental rights. In order to terminate parental rights, the Arkansas Department of Human Services (the Department) must prove at least one statutory ground for termination. Ark. Code Ann. § 9–27–341(b)(3)(B) (Supp. 2013). The Department must also prove by clear and convincing evidence that it is in the juvenile's best interest to terminate parental rights, taking into account the likelihood that the juvenile will be adopted and the potential for harm should the juvenile be returned to the custody of the parent. Ark. Code Ann. § 9–27–341(b)(3)(A)(i) and (ii) (Supp. 2013).

S.M. was taken into the Department's custody in July 2012 due to drug use and inadequate supervision by appellant. At the termination hearing, the Department presented evidence that appellant continued to use drugs and refused in-patient drug treatment after S.M.'s removal. Appellant also failed to maintain employment. During the case, appellant was sentenced to two years' imprisonment with an additional ten-year suspended imposition of sentence. There was testimony from the caseworker that S.M. was adoptable. In the order terminating appellant's parental rights, the circuit court found that all three grounds pled

2

against appellant in the petition for termination had been proved by clear and convincing evidence. The circuit court further found that it was in S.M.'s best interest to terminate parental rights, considering the likelihood of adoption and the risk of potential harm were he to be returned to appellant.

Based on the evidence presented at the termination hearing, a challenge to the sufficiency of the evidence to support at least one of the grounds pled in the petition would be without merit. Likewise, a challenge to the circuit court's finding that termination would be in S.M.'s best interest, considering both the likelihood that he will be adopted and the potential harm he would suffer were he to be returned to appellant, would be without merit. Although appellant proposed relative placement in the place of termination of parental rights at the termination hearing, she failed to appeal from the permanency-planning order that set the goal of the case as termination of parental rights and adoption, thus waiving any argument that the circuit court erred by not granting guardianship of S.M. to a relative. *See Chafin v. Ark. Dep't of Human Servs.*, 2011 Ark. App. 496. In addition, there were no relatives, as of the time of the hearing, who had been determined to be a proper placement for S.M., despite his having been out of appellant's custody for over twelve months.

Appellant's pro se points consist mainly of recitations of the facts in the light most favorable to her, complaints about the caseworker, whom she maintains was biased against her, and professions that she has changed her lifestyle. The points do not raise any meritorious issues for appeal.

> Affirmed; motion to withdraw granted.
> WHITEAKER and VAUGHT, JJ., agree.
> *Shannon Holloway*, for appellant.
> No response.